WARREN COUNTY LAW LIBRARY ASSN., Plaintiff, v. PARKER, Aud.; FRASER, Mayor, and ROSSMAN, Mayor, Defendants.

Common Pleas Court, Warren County.

No. 19563. Decided November 20, 1952.

Fred E. Jones, Lebanon, Lloyd Ritz, Franklin, Paul Herdman, Morrow, for plaintiff.
Marvin E. Young, Pros. Atty., Lebanon, for defendant.

## OPINION

By BOLI, J.

This is an action for declaratory judgment. Plaintiff alleges that the Bureau of Inspection and Supervision of Public Offices has made a finding against the Warren County Law Library Association in favor of Warren county, arising from examination of the official accounts of the Law Library Association of Warren County. That there is involved in said finding the construction of certain statutes which pertain to the legal rights of the parties.

The first question presented in plaintiff's petition is: "Are moneys collected by mayor on a state case within the scope of the words 'collected by a municipal corporation' under §3056 GC?"

Since moneys collected by mayor for fines in a state case never become the property of a municipal corporation and, therefore, are never in the municipal or village treasury, it is our opinion that moneys so collected do not come within the scope of funds collected by a municipal corporation under §3056 GC.

The second question presented is: "Are moneys collected by a mayor on state cases under §3056 GC, and under §4536 GC, insofar as the Warren County Law Library Association is concerned, to be distributed in the same manner as moneys collected by a justice of the peace under §3056-1 GC?"

Sec. 3056-1 GC, provides:

"In each county of the state, 50% of all monies collected by justices of the peace of such county, accruing from fines, penalties, forfeited recognizances, and forfeited cash deposits, unless otherwise distributed by law, shall be paid to the trustee of the law library association of such county by the county treasurer thereof, upon the voucher of the auditor of such county within thirty days after such monies have been paid into the county treasury by such justice of the peace."

Sec. 13423-3 GC, provides that fines collected by a justice of the peace shall be paid into the general fund of the county and §4536 GC, provides:

"He (mayor) shall have final jurisdiction to hear and determine any prosecution for a misdemeanor unless the accused is, by the constitution, entitled to a trial by jury. His jurisdiction in such cases shall be co-extensive with the county, and in keeping his dockets and files, making report to the county auditor, disposing of unclaimed monies, and in purchasing his criminal docket and blanks for state cases, shall be governed by the laws pertaining to justices of the peace."

In our opinion, the provision in the above statute referring to the mayor in "making report to the county auditor, disposing of unclaimed monies," is applicable to the funds coming into the hands of the mayor from fines in state cases.

The above section makes no provision for distribution of fines directly to a law library association by justices of the peace.

Therefore, we believe money collected by a mayor from fines on state cases should be distributed in the same manner as moneys collected by justices of the peace under §3056-1 GC.

The third question presented is: "Was $4,491.63 in funds paid into the Warren County Treasury by various village mayors, erroneously distributed to the trustees of the Law Library Association by the county auditor?"

Since the distribution of the above sum in question was

made by the county auditor to the trustees of the law Library Association pursuant to the provisions of §3056-1 GC, it is our opinion that the above sum in question paid into the Warren County Treasury by the defendant mayors was correctly distributed to the trustees of the Law Library Association by the county auditor.